1  Lee D. Winston
   lwinston@winstoncooks.com
2  Roderick T. Cooks
   rcooks@winstoncooks.com
3  Winston Cooks, LLC
   505 20th Street North
4  Suite#815
   Birmingham, AL 35203
5  Telephone:    (205) 502-0970
   Facsimile:    (205) 278-5876
6
   Byron R. Perkins
7  bperkins@perkins-law.com
   Perkins Law, LLC
8  The Civic Center Medical Forum Bldg.
   950 22nd Street North
9  Suite #825
   Birmingham, AL 35203
10 Telephone:    (205) 558-4696

11  Attorneys for the Plaintiffs and the Proposed Class

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15  JAMES EARNEST ROBERSON, JR.,           )
    JOHN C. SWOPE on behalf of themselves and all others  )
16  similarly situated,                     )
                                            )
17       Plaintiffs,                        )
                                            )
18                                          )   CLASS ACTION
    vs.                                     )
19                                          )
    LEGENDARY FIELD EXHIBITIONS,           )
20  LLC d/b/a THE ALLIANCE OF AMERICAN     )
    FOOTBALL (AAF), FOUNDERS FUND, THE     )
21  CHERNIN GROUP, JARED ALLEN, SLOW       )
    VENTURES, ADRIAN FENTY                 )   3:19-cv-01893-DMR
22  , CHARLES KING'S M VENTURES,           )
23  BILL POLIAN, TROY POLAMALU,            )
    MGM RESORTS INTERNATIONAL and          )
24  J.K. MCKAY,                            )
25                                         )
         Defendants.                       )
26  _____)

27

28

1

**AMENDED CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

James Earnest Roberson, Jr. and John C. Swope ("Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of Complaint against Legendary Field Exhibitions, LLC d/b/a The Alliance of American Football, the Founders Fund, the Chernin Group, Jared Allen, Slow Ventures, Adrian Fenty, Charles King's M Ventures, Bill Polian, Troy Polamalu, MGM Resorts International and J.K. McKay (hereinafter referred to as "Defendants") by and through his counsel alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act").

2. The Plaintiffs were employees of the Defendants until they, along with the other employees, were terminated as part of, or as a result of a mass layoff and/or cessation of operations ordered by the Defendants.

3. As such, the Defendants are liable under the WARN Act for the failure to provide the Plaintiffs and the other similarly situated former employees or their union representative at least 60 days' advance written notice of termination, as required by the WARN Act.

4. The Alliance of American Football (AAF) is a professional American football league, founded by Charlie Ebersol and Bill Polian. The AAF consists of eight centrally owned and operated teams, all in the southern and western United States. All teams except Birmingham are located in metropolitan areas that have at least one major professional sports franchise.

5. The AAF began play on February 9, 2019, six days after the National Football

League's (NFL) Super Bowl LIII championship game.  On April 2, 2019, the league's football operations were suspended by controlling owner Thomas Dundon, who purchased his stake in the league shortly after it began play.

6.     The Defendants failed to comply with the requirements of the WARN Act by permanently closing the business operations of AAF and laying off the AAF's employees nationwide.

7.     As a direct and proximate result of the Defendants' breaches of fiduciary duties in causing the AAF to violate the requirements of the WARN Act as described above, the employees sustained significant damages.

8.     The Defendants are liable to the Plaintiffs in an amount to be determined at trial as a result of the misconduct alleged herein.

9.     By reason of their fiduciary duties to the employees of the AAF, the Defendants owed the highest duties of good faith, fair dealing, loyalty and care to the employees of the AAF.

10.    The Defendants failed to comply with the requirements of the WARN Act when by permanently closing the AAF's business operations and laying off the AAF's employees.  As a direct and proximate result of the Defendants' breaches of fiduciary duties in causing the AAF to violate the WARN Act as described above.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

12.    The violation of the WARN Act alleged herein occurred in this District and others, thus venue in this Court is proper pursuant to 28 U.S.C § 123(b)(2) and 28 U.S.C. § 1391.

## THE PARTIES

13. Upon information and belief, at all relevant times Defendants maintained an operation in Birmingham, Alabama.

14. At all relevant times, Plaintiffs were employees who began working for the Defendants in or around September 2018 and worked at or reported to the Defendants' Birmingham, Alabama facility until their termination without cause on or about April 2, 2019 and thereafter.

15. On or about April 2, 2019 and thereafter, Defendants ordered the termination of the Plaintiffs' employment together with the termination of approximately 100+ other employees who worked at or reported to the any of the Defendants' facilities as part of a mass layoff as defined by the WARN Act, for which they or their union representative were entitled to receive 60 days advance written notice under the WARN Act.

16. At or about the time the Plaintiffs were terminated, Defendants ordered the termination of approximately 100+ other similarly situated employees who worked at or reported to the Defendants' facilities around the United States (the "Other Similarly Situated Employees").

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

17. Pursuant to 29 U.S.C. § 2104 (a)(5), the Plaintiffs maintain this action on behalf of themselves himself and on behalf of each of the Other Similarly Situated Employees.

18. Each of the Other Similarly Situated Former Employees are similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

19. Defendants were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Employees or their union representative at least 60 days advance written notice prior to their terminations.

20. Prior to their terminations, the Plaintiffs nor the Other Similarly Situated Employees nor their union representative received written notice that complied with the requirements of the WARN Act.

21. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## **CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

22. The Plaintiffs bring this action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and other employees who worked at the Defendant's facilities throughout the United States and were terminated as part of a mass layoff ordered by the Defendant on or about April 2, 2019, and thereafter ("the "Class").

23. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

24. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

25. The claims of the representative party are typical of the claims of the Class. The representative party will fairly and adequately protect the interests of the class.

26. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute

a lawsuit in federal court against a corporate defendant.

28. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) Whether the Class Members were employees of the Defendant who worked at or reported to any of the Defendants' facilities;

    (b) Whether the Defendants terminated the employment of the Class Members as part of a mass layoff without cause on their part and without giving them 60 days advance written notice;

    (c) Whether the Defendants may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense; and,

    (d) Whether Defendants' failure to provide 60 days notice should render it liable to the Class Members for 60 days pay and benefits.

## BREACH OF FIDUCIARY DUTIES

29. By reason of their fiduciary duties to AAF, the Defendants owed the highest duties of good faith, fair dealing, loyalty and care to the AAF and its employees.

30. The Defendants failed to comply with the requirements of the WARN Act when permanently closing the business operations of the AAF and laying off the AAF's employees nationwide.

31. As a direct and proximate result of the Defendants' breaches of fiduciary duties in causing the AAF to violate the requirements of the WARN Act as described above, the AAF and its employees sustained significant damages.

32. The Defendants are liable to the AAF and its employees in an amount to be determined at trial as a result of the misconduct alleged herein.

## CLAIM FOR RELIEF

33. At all relevant times, Defendant employed 100 or more employees, exclusive of

part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at its facilities.

34. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

35. On or about April 1, 2019, and thereafter, the Defendant ordered a "mass layoff" at the Facility as that term is defined by 29 U.S.C. § 2101(a)(2).

36. The Plaintiffs and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff at all of its facilities on or about April 1, 2019 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

37. The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

38. Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least 60 days prior written notice of the terminations.

39. Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

40. The Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

41. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Plaintiffs and the Class Members were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued

sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs and Class Members demand judgment against the Defendants as follows:

    a.    An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, for sixty (60) working days following the terminations, all determined in accordance with the WARN Act;

    b.    Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), the Plaintiffs and the Class Members constitute a single class;

    c.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

    d.    Appointment of the undersigned attorneys as Class Counsel;

    e.    Appointment of Plaintiffs as the Class Representative and payment of reasonable compensation for his services as such,

    f.    The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and,

    g.    Such other and further relief as this Court may deem just and proper.

                                  Respectfully submitted,

                                  <u>/s/Roderick T. Cooks</u>
                                  Roderick T. Cooks
                                  Byron R. Perkins
                                  Lee D. Winston
                                  Attorneys for the Plaintiffs

**OF COUNSEL:**
WINSTON COOKS, LLC
Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203
(205) 502-0970
(205) 278-5876 - Facsimile
E-mail: lwinston@winstoncooks.com
E-mail: rcooks@winstoncooks.com

PERKINS-LAW, LLC
The Civic Center Medical Forum Bldg.
950 22nd Street South, Suite#825
Birmingham, AL 35203
(205) 558-4696
(205) 383-1910
bperkins@perkins-law.com
tlyons@perkins-law.com

**DEFENDANT'S ADDRESS:**
Legendary Field Exhibitions, LLC
ONE MARKET SPEAR ST TOWER
SAN FRANCISCO CA 94105

**JURY TRIAL DEMANDED**

            **/s/Roderick T. Cooks**
            Of Counsel